IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **STEVEN C. HAYES**<br>ADC # 657050 | **PLAINTIFF** |
| v. | Case No. 4:21-CV-00347-LPR |
| **JOE PROFIRI, in his official capacity<br>as Secretary of the Department of Corrections;<br>and DEXTER PAYNE, in his official capacity<br>as Director of the Arkansas Division of Correction** | **DEFENDANTS** |

\* \* \*

| | |
|---|---|
| **WINSTON HOLLOWAY**<br>ADC # 67507 | **PLAINTIFF** |
| v. | Case No. 4:21-CV-00495-LPR |
| **ARKANSAS GENERAL ASSEMBLY, et al.** | **DEFENDANTS** |

\* \* \*

| | |
|---|---|
| **ANTHONY LAMAR**<br>ADC # 120479 | **PLAINTIFF** |
| v. | Case No. 4:21-CV-00529-LPR |
| **SARAH HUCKABEE SANDERS, in her<br>official capacity as Governor of Arkansas, et al.** | **DEFENDANTS** |

**ORDER**

These cases challenged the constitutionality of an Arkansas statute, Act 1110 of 2021. At a high level of generality, Act 1110 authorized state prison officials to confiscate any state prisoner's federal COVID-19 stimulus funds.[1] Plaintiff Steven C. Hayes was among the first Arkansas state prisoners to challenge Act 1110; the Court appointed counsel to represent Mr.

---

[1] For a more thorough explanation of Act 1110 of 2021, see this Court's preliminary and permanent injunction Orders. *See Hayes v. Profiri*, 4:21-CV-00347-LPR, (Doc. 79) (Preliminary Injunction Order) [*hereinafter Hayes Master Docket*]; *Hayes Master Docket* (Doc. 422) (Permanent Injunction Order).

Hayes.[2]  After numerous Arkansas state prisoners brought additional pro se lawsuits, the Court selected Mr. Hayes's, Plaintiff Anthony Lamar's, and Plaintiff Winston Holloway's cases as test cases for the purpose of efficiently adjudicating the merits of the myriad constitutional challenges raised in an ever-growing number of cases.[3]  At that time, Mr. Lamar and Mr. Holloway were still proceeding pro se.  The Court granted Mr. Lamar's pro se Motion for a Preliminary Injunction and shortly afterward appointed the same counsel representing Mr. Hayes to represent Mr. Lamar and Mr. Holloway.[4]  With the benefit of appointed counsel, the three plaintiffs filed a joint Motion for Summary Judgment, which the Court granted in part and denied in part.[5]  Ultimately, Plaintiffs succeeded in establishing that parts of Act 1110 violated the Takings and Due Process Clauses of the United States Constitution.[6]  The Court entered a permanent injunction restricting some aspects of Act 1110 and entered final judgment in each of these cases.[7]  There was no appeal.

Mr. Lamar later filed a Motion to Reopen.[8]  He wanted to proceed with the non-Act 1110 claims raised in his initial pro se pleadings.  Specifically, he sought to challenge Arkansas Department of Corrections Administrative Directive 16-44, which allows state prison officials to deduct nearly all of the money in Mr. Lamar's inmate account (regardless of where the money

---

[2] *Hayes Master Docket* (Doc. 13).  The Court wishes to express its gratitude to Mr. John Tull and his colleagues at Quattlebaum, Grooms & Tull PLLC.  They graciously accepted the Court's appointment as Plaintiffs' counsel and have conducted themselves in accord with the highest ideals of our profession during this litigation.

[3] *Hayes Master Docket* (Doc. 36).

[4] *Hayes Master Docket* (Doc. 79) (Preliminary Injunction Order); *Hayes Master Docket* (Doc. 253).

[5] *See Hayes Master Docket* (Doc. 422) (Permanent Injunction Order).

[6] *Id.* at 20–21.

[7] *Id.* at 23–24; *Hayes Master Docket* (Doc. 423) (Judgment).

[8] *Lamar v. Sanders*, 4:21-CV-00529, (Doc. 33) [hereinafter *Lamar Docket*].

2

originated) to pay various fines and fees.[9]  The Court granted Mr. Lamar's Motion to Reopen.[10]  That case is still an open matter.[11]

After the Court's permanent injunction and final judgments were entered in the three test cases—but before Mr. Lamar's case was reopened—appointed counsel filed an omnibus Petition for Attorney's Fees and Costs.[12]  The Petition purports to cover appointed counsel's work on all three cases.  Giving all three cases joint treatment made since at the time the Petition was filed because all three cases were closed.  But now that Mr. Lamar's case has been reopened, a fee petition is no longer ripe in Mr. Lamar's case.  The time for such a petition in that case won't arise until the claims that prompted reopening are adjudicated and reduced to a final judgment.

Accordingly, the Court orders appointed counsel to file amended fee petition(s) in the *Hayes* and *Holloway* cases.  The Court cannot consider any fee requests related *solely* to the *Lamar* case at this time.  Of course, the amended fee petition(s) can include time spent on *Hayes* and *Holloway* that happens to overlap with *Lamar*.

When the *Lamar* case reaches final judgment, appointed counsel can file a fee petition that covers any work done solely in that case (to the extent that such a petition is appropriate under the applicable law).  The amended *Hayes* and *Holloway* petition(s) must be filed on the *Hayes* and *Holloway* dockets on or before March 15, 2023.  Once they are filed, the Court will administratively terminate the current petitions in *Hayes*, *Holloway*, and *Lamar*.[13]

---

[9] *See id.*; *Lamar Docket* (Doc. 11) ¶¶ 28–33.

[10] *Lamar Docket* (Doc. 34).

[11] The reopened *Lamar* case is currently at the motion-to-dismiss stage.  *See Lamar Docket* (Docs. 51–56).

[12] *Hayes Master Docket* (Doc. 440); *Lamar Docket* (Doc. 27); *Holloway v. Ark. Gen. Assembly*, 4:21-CV-00495 (Doc. 27).

[13] The Court has changed the caption in the *Lamar* case to reflect that Sarah Huckabee Sanders is now the Governor of Arkansas.  Likewise, the *Hayes* caption has been revised to reflect that Joe Profiri is the new Secretary of the Arkansas Department of Corrections.  These changes have been made pursuant to Federal Rule of Civil Procedure 25(d).

IT IS SO ORDERED this 14th day of February 2023.

                                              _____
                                              LEE P. RUDOFSKY
                                              UNITED STATES DISTRICT JUDGE